IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE SOLIS ALVAREZ, | No. CIV S-05-0689-DFL-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| JAMES YATES, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondents' motion to dismiss (Doc. 16).[1]

Petitioner was convicted of aggravated sexual assault of a child, in violation of California Penal Code § 269(a)(1), and sentenced to 15 years to life in state prison. Petitioner's conviction and sentence were affirmed by the California Court of Appeal on May 9, 2003. The California Supreme Court denied review on July 23, 2003. Petitioner did not file any collateral actions in state court. The instant habeas corpus petition was filed on March 22, 2005.

As respondents correctly note, a one-year limitations period applies to this case pursuant to 28 U.S.C. § 2244(d)(1). Petitioner had one year from the date his conviction became

---

[1] The court will address petitioner's motion for appointment of counsel by separate order.

final within which to file a federal habeas petition.  See Patterson v. Stewart, 251 F.3d 1243 (9th Cir. 2001).  Petitioner's conviction became final following expiration of the 90-day period to seek review by the United States Supreme Court.  See Wixom v. Washington, 264 F.3d 894 (9th Cir. 2001).  Here, the 90-day period ended on October 21, 2003.  Thus, petitioner had until October 21, 2004, to file a federal habeas petition.  Because petitioner did not file any state court collateral actions, petitioner is not entitled to tolling under 28 U.S.C. § 2244(d)(2).

The instant petition was filed on March 22, 2005 – five months late.  Petitioner has not filed any previous federal habeas petitions, and petitioner has not alleged any basis for equitable tolling.

Based on the foregoing, the undersigned recommends that:

    1.    Respondent's motion to dismiss be granted;

    2.    The instant petition for a writ of habeas corpus be dismissed; and

    3.    The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 6, 2006.

                                                                                         
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE