1
2
3
4
5
6
7
8        **IN THE UNITED STATES DISTRICT COURT**
9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11   GUADALUPE SOLIS ALVAREZ,          No. CIV S-05-0689-JAM-CMK-P
12                Petitioner,
13        vs.                          <u>ORDER</u>
14   JAMES YATES, et al.,
15                Respondents.
16   _____/
17        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of
18   habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's request for
19   a certificate of appealability (Doc. 37), filed on December 24, 2008.[1]
20        Petitioner seeks to appeal this court's denial of his application for a writ of habeas
21   corpus.  Before petitioner can appeal this decision, a certificate of appealability must issue.  28
22   U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability may issue under 28 U.S.C.
23   § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional
24
25        [1]   In <u>Houston v. Lack</u>, 487 U.S. 266 (1988), the Supreme Court held that a pro se
     prisoner's notice of appeal is deemed "filed" at the moment he delivers it to prison officials for
26   mailing to the court.  In calculating dates, the court has given petitioner the benefit of this rule.

1

1   right." 28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability

2   indicating which issues satisfy the required showing or must state the reasons why such a

3   certificate should not issue.  Fed. R. App. P. 22(b).

4          The timely filing of a notice of appeal is a jurisdictional requirement.  See Scott v.

5   Younger, 739 F.2d 1464, 1466 (9th Cir. 1984).  The time limit for filing a notice of appeal

6   following entry of judgment is 30 days.  See Fed. R. App. P. 4(a).  Petitioner's request for a

7   certificate of appealability, which can be construed as a notice of appeal in this action, was filed

8   more than 30 days after entry of judgment on March 29, 2006.  Any appeal is, therefore, untimely

9   and cannot provide the appellate court with jurisdiction.  The issuance of a certificate of

10  appealability cannot vest the court of appeals with jurisdiction if jurisdiction is not proper in that

11  court.  Cf. Hayward v. Britt, 572 F.2d 1324, 1325 (9th Cir. 1978) (addressing issuance of a

12  certificate of probable cause).  Because petitioner's notice of appeal is untimely, the court

13  declines to issue a certificate of appealability.

14         Accordingly, IT IS HEREBY ORDERED that petitioner's request for a certificate

15  of appealability (Doc. 37) is denied.

16  DATED:   2/13/2009

17

18                                           /s/ John A. Mendez
                                             UNITED STATES DISTRICT JUDGE
19

20

21

22

23

24

25

26